Per Curiam.

Relator contends that there was a failure to hold a hearing within 30 days after the appeal was instituted, and that such fact entitles him to reinstatement. This claim is based on the contention that the hearing held within the 30-day period was illegal in that the three persons who held the hearing did not legally constitute the commission.
If this court were to hold that the first hearing was unlawful because the three persons who held the hearing did not legally constitute the commission, and, in effect, that, there having been no hearing within the 30-day period, the commission lost jurisdiction to thereafter hold it, and, thus, that no lawful hearing was afforded relator, the order of discharge made by the appointing authority would still remain in effect, and the *439 Court of Appeals, in a mandamus action, would be without jurisdiction to order relator restored to the position.
It may he that two members of the commission could have legally heard the cause and rendered a decision. However, as a hearing' was had within the 30-day period, with which relator was not satisfied, and a hearing before a legally constituted commission was ordered by the Court of Common Pleas and was had, and relator participated therein, he will not now be heard to say that he did not have a hearing.
Relator contends further that the charges do not constitute cause for discharge. With this contention we are not in accord. The charges of inefficiency, insubordination, and neglect of duty are couched in the language of the statute. (Section 143.27, Revised Code.)
Relator’s further contention is that the evidence offered does not sustain the charges. Much evidence was offered, some of which is conflicting, and a review of the record herein impels us to affirm the judgment of the Court of Appeals that there was sufficient evidence before the civil service commission to support the charges made. In view of the policy of this court not to weigh the evidence, we will not substitute our judgment for that of the civil service commission and the Court of Appeals.

Judgment affirmed.

WEYGANDT, C. J., ZlMMERMAN, STEWART, BELL, TaET, Matthias and Herbert, JJ., concur.